## CAMP vs. COLEMAN.

[TROVER FOR CONVERSION OF PERSONAL PROPERTY.]

1. *Bequest to widow and executrix construed as enuring to her individually, and not officially.*—Under a devise and bequest in the following words: "I give and devise to my wife Rebecca all the property, both real and personal, of which I may die possessed, (except as hereinafter excepted,) during the term of her natural life, to be by her kept together, on my plantation on which I now reside, for the purpose of supporting my said wife, and for the support and education of my five grand-children, the children of my deceased son Washington; and after her death, then said property and estate to be disposed of as follows,"—whatever interest vests in the widow, she takes individually, and not as executrix; and if a trust is thereby imposed upon her, it does not attach to the office of executrix, nor pass on her death to her co-administrator.

2. *Assent to legacy.*—Where a life-estate in the bulk of the testator's property, consisting of lands, slaves, &c., is given to his widow, who is also appointed executrix; and who afterwards procures the probate of the will, and qualifies as administratrix with the will annexed,—her continuous use of the property during her life, in accordance with the provisions of the will, is an implied assent to her own legacy, which involves an assent to the legacy to the remainder-men.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. WM. S. MUDD.

THIS action was brought by James Camp, as the administrator with the will annexed of Joseph Kemp, deceased, against Wilie J. Coleman, to recover damages for the conversion of fifty-nine bales of cotton and twenty-five cords of wood. The case was tried on an agreed state of facts, which is thus stated in the bill of exceptions:

"Joseph Kemp, the plaintiff's testator, died in 1852, and his will was afterwards duly admitted to probate; a copy of which will is made a part of this agreement." [This will is set out at length in the report of the chancery case between these same parties, (p. 160) and needs not to be repeated here.] "Rebecca Kemp, the widow of

said testator, did not dissent from the will, nor did she qualify as sole executrix; but, at her instance, and with her consent, letters of administration with the will annexed were issued, by the probate court of Choctaw county, to herself and the plaintiff in this action; and they were duly qualified as administrators, and acted as such jointly up to the death of said Rebecca; after which time, plaintiff continued to act as sole administrator, and is still acting in that capacity. After the death of said testator, the said Rebecca continued to reside on the plantation mentioned in the will, and took possession of the personal property therein bequeathed, and used and managed the same, and kept up the plantation, with a wood-yard thereto attached, according to the provisions and directions of the will. The said wood-yard constituted a part of the tract of land on which said testator resided at the time of his death, and was kept up by him for selling and supplying wood to steamboats on the river; and said wood-yard was kept up after his death as it had been before. During the aforesaid joint administration, said administrators paid off all the debts of the testator, and the charges upon the administration, under the will and otherwise; and said Rebecca also supported and educated the testator's grand-children, as directed in the will, out of the proceeds of said property. In the course of her administration and management of the estate as aforesaid, the said Rebecca employed the negroes and other forces on said plantation, during certain seasons, as the testator had done, in getting wood for said wood-yard, which was collected and deposited therein; and a part of said wood, so collected and deposited by her, remained there, and was unsold at her death. In the year 1856, said Rebecca planted and cultivated a crop of cotton, partly on said plantation, and partly on an adjoining tract of land, which she had previously purchased, for herself, from the defendant. Said crop was planted and cultivated by her with the slaves and other planting force of the estate, and was not matured at her death. Said Rebecca died in July, 1856, intestate, and still indebted for the said land purchased from the defendant. Soon after her death, the

defendant, having duly qualified as her administrator, entered upon the testator's said plantation and the land purchased from himself, claiming as such administrator, and took possession of the slaves and other personal property thereon, and continued the cultivation of the crops thereon growing, and gathered said crops when matured, and housed them on the plantation which was of the testator's estate; and all this he effected solely with the slaves and other forces of the testator's estate, of which the said Rebecca died possessed. The said Rebecca in her life-time, and the said defendant after her death, in cultivating said crops, and gathering the same, and also in collecting wood for said wood-yard, did not use or employ therein any other labor or planting force than that which belonged to the estate of said Joseph Kemp, and which was in the hands of said Rebecca at the time of her death. The said crop of cotton was also ginned by said defendant, with the same force, on a cotton-gin on the plantation of said Joseph Kemp, which had been purchased by said Rebecca in her life-time, for the use of said plantation, and was paid for by her out of the proceeds of said testator's estate in her hands. The cotton sued for in this action is the same cotton so gathered and ginned by the defendant; about two-thirds of said cotton being made on the plantation of said testator, and the residue on the land purchased by said Rebecca. On the 11th January, 1857, said defendant also took and converted to his own use the said cotton, amounting to fifty-nine bales, and of the net value of $3,367 23; and took and converted —— cords of wood lying at said wood-yard, and which had been deposited there by the said Rebecca as aforesaid, valued at $43 75. The property so taken and converted by the defendant, he claims to have and hold as administrator of the estate of said Rebecca, and has refused to deliver up or account to plaintiff for the same, or any part thereof."

"This being all the evidence, the court charged the jury, that, conceding it all to be true, the plaintiff could not recover in this action"; to which charge the plaintiff excepted, and which he now assigns as error.

LOMAX & PRINCE, for the appellant.—The will does not give Mrs. Kemp any estate or interest separate or different from that which the grand-children take. She was to receive the income in trust for them and herself, for their and her own support. The interest which she takes is described and limited in the same terms, and by the same words, as that which the grand-children take. Their support and education is no more a charge on her estate, than her support is a charge on theirs. She has no more right than they have to appropriate the entire income, or more than sufficient to satisfy the declared object—that is, a support according to their relative wants and necessities. For analogous cases, see Fellows, Wadsworth & Co. v. Tann, 9 Ala. 999; Jasper & Maclin v. Howard, 12 ib. 652; Spear v. Walkley, 10 ib. 328; Nimmo v. Stewart, 21 ib. 682. The accumulations arising from the property, after providing for the support of the widow and the support and education of the grand-children, belong to the general fund for distribution. The widow takes as executrix and trustee; and, as an express provision is made for her, the implication arises that the surplus falls into the *corpus* of the estate.—1 Jarman on Wills, 461, 462, 465.

T. REAVIS, *contra*.—The second clause of the will, construed in connection with the third and fourth, gives the widow a life-estate in the property, charged with the payment of debts and funeral expenses, the support and education of the grand-children, and the payment of an annuity to Mrs. Cahoon. The words on which the appellant relies, do not limit, reduce, or divide the estate given to the widow, but merely show the motive for the bequest. See McCroan v. Pope, 17 Ala. 612; Wallace v. Dold, 3 Leigh, 258; Barnes v. Simms, 5 Ired. Eq. 399; Moore v. Gamble, 1 Stockton, (N. J.) 246; Crawford v. Patterson, 11 Grattan, 364; Bradshaw v. Ellis, 2 Dev. & Bat. Eq. 22.

A. J. WALKER, C. J.—The second clause in the will of Joseph Kemp contains a bequest to Mrs. Rebecca Kemp, and vests her with a life-estate in the property

therein referred to. Whether she took the title subject to a trust in favor of the testator's grand-children, is a question which does not arise in this case, but which is considered in the chancery case between the same parties at the present term. Whatever interest was vested in Mrs. Kemp by that clause of the will, she took as an individual, and not as executrix. If a trust was thereby created and imposed on her, it was one which did not belong to the office of executrix, and did not pass to her co-administrator on her death.—Hitchcock v. United States Bank, 7 Ala. 434; Lucas v. Price, 4 *ib.* 682; Perkins v. Moore, 16 *ib.* 14; Hill on Trustees, 237, note 1; 1 Lomax on Ex'rs, 368; Conklin v. Egerton, 21 Wendell, 448; Wells v. Cowper, 1 Ohio, (Ham.) 313; Judson v. Gibbons, 5 Wendell, 228.

[2.] Mrs. Kemp's continued use of the property conveyed by the second clause of the will, in pursuance to the provisions and directions of the will, authorizes the implication of an assent to her legacy.—Walker v. Walker, 26 Ala. 262; George v. Goldsby, 23 *ib.* 326; Gantt v. Phillips, 23 *ib.* 275; 2 Williams on Ex'rs, 1180. The assent to the vesting of the estate for life, was an assent to the legacy in remainder; and consequently, upon the death of Mrs. Kemp, the property went to the remainder-men, and did not return to the personal representative of the testator.—See the authorities collected in Shepherd's Digest, 187, § 5. The plaintiff had no title to the property in controversy, and the ruling of the court below was correct.

Judgment affirmed.