# Pinney *v.* Werborn.

### *Final Settlement of Executor's Accounts.*

1.   *Transcript ; what is part of record.*—On appeal from a decree rendered on final settlement of an executor's accounts, a paper copied into the transcript, purporting to be the last will and testament of the decedent, but not appearing to have been admitted to probate, nor made a part of the record by bill of exceptions or appropriate reference, can not be considered for any purpose.

2.   *Parties to settlement ; presumptions on error.*—On final settlement of an executor's accounts, when the record shows that the decedent left a widow and minor child surviving him, and the decree recites that the infant, "under the construction of the will of the deceased, is not a necessary party to the settlement," but the will itself *is not set out*, nor its provisions any where shown by the record ; this court can not assume, contrary to these recitals, that the decedent died intestate, thereby making the child a necessary party as a distributee, nor that the will, properly construed, made the child a necessary party as a legatee or devisee.

3.   *Jurisdiction of Probate Court in matter of trusts ; conclusiveness of decree.*—Where the will confers on an executor personal trusts, which may not expire when his executorial duties cease, and which can not be finally settled, until, on the termination of the widow's life-estate, the property is delivered to the remainder-men, unless the executor and trustee resigns, dies, or is removed ; while the Probate Court may make a final settlement of his accounts as executor, and the decree would be conclusive on the widow, who was a party to it ; yet, as to the matters connected with the trust, the court would be without jurisdiction, and the decree rendered would be no protection to the executor in any future litigation with the remainder-men who were not parties to it.


APPEAL from the Probate Court of Mobile.

Heard before the Hon. PRICE WILLIAMS, Jr.

In the matter of the final settlement of the accounts and vouchers of George F. Werborn, as executor of the last will and testament of Adolph M. Solomon, deceased, to which he was cited by the widow, now Mrs. A. M. Pinney.   The record shows that letters testamentary were granted to the executor on the 24th June, 1862 ; and the order granting them recites, that it

[Pinney v. Werborn.]

was "known to the court that the last will and testament of said decedent was duly proved and admitted to record in this court." A paper is copied into the transcript, which purports to be the will of said decedent, but which is nowhere identified or referred to as the paper admitted to probate, and the order admitting it to probate is not set out. This paper contains the following provisions: "(1.) I give, devise and bequeath the property I may have, or which I may own at my death, whether real or personal, to my executors hereinafter named, to be held by them as trustees to carry out the provisions of this will. I empower them to carry on the mercantile business I may be engaged in at the time of my death, upon such terms, for such time, and in such manner as they may deem best for the interests of my estate, subject to the other provisions of this will; and they are not only to close the same when they think best, but also to sell, dispose of, re-invest and manage any part of the said interest, or any and all of my property, of any and every kind, upon their judgment, without any order of the court. In the conduct of said mercantile business, however, as well as in the closing of the same, and in the disposition, sale, re-investment and management of any portion of my property, my wife, Amanda M., must be consulted by my executors, and her consent to the action taken by them must be obtained in writing, and must be attested by at least two respectable witnesses. In case my wife and executors can not agree as to the foregoing matters, the proper courts of the country must determine and order the course to be pursued by my executors. (2.) After my just debts are paid, I give to my wife, Amanda M., the profits, use, enjoyment and income of all such property, of every kind, as I may have at my death, for the support, maintenance and education of herself and children as a family; but my wife shall not dispose of any part of the same, in any way, nor subject it, as I give her no interest except in conjunction with the children aforesaid as a family. I especially charge my said wife to employ any such income or profits to the liberal maintenance and education of any child or children, or its or their descendants, as may have been or may be begotten of her by me; and the provisions as to the maintenance and support of any other child or children shall take effect only so long as such other child or children may actually form part of my said wife's family, and be dependent upon her. (3.) At the death of my wife, I give, devise and bequeath the absolute ownership of my property, both real and personal, not consumed in the use aforesaid, to my child or children, or its or their descendants, that may have been or may be begotten of the said Amanda M. by me. But, in case she should leave no such child or children, or descendants as aforesaid of it or them, surviving her,

[Pinney v. Werborn.]

then I bequeath such remainder to the children, or to any child of my said wife, as may then be living."

The executor appeared, in answer to the citation, and filed his accounts and vouchers, accompanied with an affidavit, in which he stated that Mrs. A. M. Pinney "is the widow of said deceased," and that "Adolpha Solomon is the daughter of said deceased by the said Amanda M., and is believed to be residing with her said mother, and to be a minor over fourteen years of age." Thereupon, the court appointed a day for the settlement, and appointed a guardian *ad litem* for the said minor. The guardian accepted the appointment, and filed numerous exceptions to the account stated by the executor. On a subsequent day, on motion of the executor, these exceptions were stricken from the files, and the order appointing the guardian *ad litem* was revoked, on the ground, as stated, "that Adolpha Solomon, daughter, a minor over fourteen years of age, is not, under the construction of the will of the deceased, a necessary party to the settlement of the estate." Exceptions to these rulings were reserved by the guardian *ad litem*, and several exceptions were reserved by the widow to other rulings of the court on the hearing; but the bill of exceptions was struck from the record, on motion, by this court.

The decree of the court, after reciting the appearance of the executor and the widow, thus proceeds: "The court, now proceeding to act upon said accounts, and to make a final decree and settlement of said estate, finds that said executor is chargeable with the sum of $12,383.92 in treasury-notes of the Confederate States, as shown by the accounts stated by the court, and is justly entitled to credits, for sums paid out in said treasury-notes of the Confederate States, to the amount of $1,646.43; leaving a balance of $1,737.49, in said treasury-notes of the Confederate States. And the court then stated the account of said executor in United States currency since the late war, and finds that said executor is chargeable with the sum of $3,557.66, as shown by the account as stated by the court, and is justly entitled to credits, including commissions, allowances, and costs of this settlement, to the sum of $3,354.29; leaving a balance of $203.37 to his debit. And the said executor is hereby directed to pay the said balance of $203.37 over to said Amanda M. Pinney, to be by her received, held and applied as directed by the will of said testator; and to enforce the payment thereof, execution may issue in her favor against the said Werborn, if necessary. The court finds and decrees, also, that the said Amanda M. Pinney is entitled to have and receive from the said executor all the property of said estate not disposed of in course of administration; and thereupon the executor shows to the court that he turned over and delivered to the said Amanda

[Pinney v. Werborn.]

M. household-furniture and a gold watch, amounting to the sum of $534, which is admitted by the said Mrs. Pinney; and it appearing that the only property now appearing is the following," specifying it, " it is therefore ordered, that the said executor deliver and give possession of said lot of land, goods, shares of stock, &c., assets, to the said Amanda M., to be by her received, held and applied as directed in the will of said testator, and upon compliance therewith that he be discharged."

The appeal is sued out by Mrs. Pinney and the guardian *ad litem* jointly, and they assign errors separately.    The errors assigned by the latter are, the striking out of the exceptions filed by him to the executor's accounts, and the order revoking his appointment.    Mrs. Pinney assigns as error the several matters to which she reserved exceptions, and the final decree as rendered.

WATTS & SONS, with L. H. FAITH, D. H. LAY, and C. J. TORREY, for the appellants.—If the will of the testator is to be considered as a part of the record, it clearly shows that the minor was a necessary party to the settlement; and if the will is not to be considered as a part of the record, the minor was still a necessary party as a distributee of the estate.—*Frierson v. Travis*, 39 Ala. 150; *Hutton v. Williams*, 60 Ala. 133; *May v. Duke*, 61 Ala. 53; *Rowland v. Jones*, 62 Ala. 322; *Bondurant v. Sibley*, 37 Ala. 571.    Considering the will as a part of the record, the decree is erroneous in directing the executor to pay over and deliver the property to the widow without requiring bond from her.—*Mason v. Pate*, 34 Ala. 379; *Perkins v. Lewis*, 41 Ala. 647; *Anderson v. McGowan*, 42 Ala. 280; *Calhoun v. Whittle*, 56 Ala. 138.    The will creates, also, a personal trust, of which the Probate Court had no jurisdiction.

F. G. BROMBERG, and JAMES BOND, *contra*.—The will is no part of the record, and can not be looked to for any purpose,—certainly not to show error in the decree.—*Long v. Easley*, 13 Ala. 245; *Williams v. Gunter*, 28 Ala. 681; *Jones v. Jones*, 42 Ala. 221.    Looking only to the recitals of the decree, as the court must, Mrs. Pinney was the only necessary party to the settlement; and whether she took, by the terms of the will, as sole legatee in her own right, or as trustee for the remaindermen, she was the only necessary party.—*Gaunt v. Tucker*, 18 Ala. 27.    On this appeal, the construction of the will is not a question presented for decision.

STONE, J.—When Werborn, the executor, filed his account-current for final settlement, he filed therewith, as it was his duty to do, a sworn statement, specifying " the names of the

heirs and legatees," &c.—Code of 1876, § 2509, subd. 3. In that affidavit he set forth, that his testator left surviving him his widow, Amanda M., now Mrs. Pinney, and an infant child, Adolpha Solomon, still an infant, but over fourteen years of age. A guardian *ad litem* was afterwards appointed for the infant, who filed many exceptions to the account-current. The executor thereupon moved the court to revoke the appointment of the guardian *ad litem*, and to disallow and reject the exceptions filed by him, on the alleged ground that the will gave the entire property to the widow, and hence the infant child had no interest in the settlement. The court granted these motions, and ruled that "Adolpha Solomon, daughter, a minor over fourteen years of age, is not, under the construction of the will of the deceased, a necessary party to the settlement."

We are required to consider this case in the absence of a bill of exceptions, as the one found in the record was not signed by the presiding judge within the time allowed by law. We have decided it is no part of the record. A paper, purporting to be a will signed by Adolph Solomon, is found in the transcript, but there is no evidence of its probate. There is nothing on the face of the proceedings which makes it a part of the record, and we are not informed why it is in the transcript. It is contended for appellant, that if we treat said will as a part of the record, then we must reverse the orders of the Probate Court noted above, because the will makes Adolpha Solomon devisee and legatee, to take effect at her mother's death, and she was therefore a proper and necessary party to the settlement; and the argument goes further, and claims that, if we treat the will as no part of the record, then Adolpha was a distributee in the estate of her father, and therefore interested in the distribution. So, taking either horn of the dilemma, it is claimed that the Probate Court erred. We feel constrained to hold, that the paper purporting to be a will is no part of the record in this cause, and that it can not be looked to for any purpose. The other branch of the argument is equally faulty. It asks us to assume that Adolpha was a distributee, or legatee under her father's will. If the record showed that Adolph Solomon died intestate, or if it were silent on the question, we would know in the one case, and possibly presume in the other, that Adolpha, his daughter, was entitled to distribution, and therefore interested in the settlement. But the record shows affirmatively that he did not die intestate. Werborn is every where styled executor, and the decree of the court affirms that Mr. Solomon left a will. Discarding from our consideration the paper found in the record purporting to be a will, we have for sole guide the recital in the decretal order of the court, that "Adolpha Solomon, daughter, is not, under the construction of

[Pinney v. Werborn.]

the will of the deceased, a necessary party to the settlement." We can not presume error, and make it a basis for reversal.—1 Brick. Dig. 681, §§ 118, 119, 120. To sustain the ruling of the court, we must presume the existence of a will, which, properly construed, gave to the child no interest in the estate.

If the paper found in the record be a true copy of Mr. Solomon's will, we feel bound to express great doubt of the correctness of the ruling in the court below. The will places the entire property in trust, in the hands of the executors, after first paying testator's debts. It then gives the use, enjoyment and increase of the estate to his wife, Amanda M., "for the support, maintenance and education of herself and children as a family, . . . but she was not to dispose of any part of the same in any way, nor subject it." At the death of the wife, the absolute ownership of the property was to go to his children or child. The will confers on the executors other delicate trusts. Now, it may be conceded that, to the extent of collecting the assets, and paying the debts, the duties of the personal representative were executorial, and the Probate Court had jurisdiction to settle his accounts to that extent. The widow, Mrs. Pinney, being a party to that settlement, may be bound by it, as far as executorial duties are concerned. But how about the other questions? The paper, if the will, confided to the executor many trusts that are personal in their character, which may not expire when his duties *as executor* shall cease to be necessary. Over these trusts has the Probate Court any jurisdiction? Adolpha, the daughter, was not allowed to appear as a party to the settlement. Is she concluded? It would seem that only the use, enjoyment and income of the estate, was given to the widow, for the maintenance, &c., of herself and family. How about the *corpus?* Was there any authority to deliver any of that to the widow? And can there be a settlement of the trust, until, by the terms of the will, the child or children shall become entitled to the absolute ownership; unless the executor and trustee resigns, is removed, or some other ground exists for equitable interposition?—*Hitchcock v. U. S. Bank,* 7 Ala. 386, 437; *Camp v. Coleman,* 36 Ala. 163; *Perkins v. Lewis,* 41 Ala. 649; *Ex parte Dickson,* 64 Ala. 193; *Mason v. Pate,* 34 Ala. 379; *Lee v. Lee,* 55 Ala. 590.

We have felt it our duty to make the above suggestions and inquiries, because, to the extent the decree of the Probate Court was without jurisdiction, that decree will be no protection to the trustee in any future litigation.

Affirmed.