# Werborn *v.* Austin.

*Bill in Equity by Remainder-man, against Executor as Trustee, for Account and Settlement.*

1. *Statutes omitted from Code.*—The act approved March 4th, 1876, entitled "An act to allow married women in certain cases to sue in their own names" (Sess. Acts 1875-6, p. 159), having been omitted from the Code of 1876, thereby became inoperative.

2. *Parties to bill; husband and wife.*—The 15th Rule of Chancery Practice, requiring bills by married women, in reference to their separate estates, to be filed in their names alone, without joining their husbands, fell with the statute on which it was founded, and which was abrogated by its omission from the Code of 1876; and since its abrogation, the husband must be joined with his wife as a complainant in a suit relating to her statutory estate.

3. *Will construed as conferring personal trusts on executors, which can not be exercised by one only.*—Where the testator devised his entire estate, real and personal, to his two executors as trustees, authorizing them to continue his mercantile business, at their discretion, for the benefit of his estate, with power to sell, buy, or re-invest, and to manage the business "upon their judgments, without any order of court," but after consultation with his widow; the income and profits, after payment of his debts, to be used for the support and maintenance of his widow and child or children as a family during her life, and on her death the property to vest absolutely in the children; *held,* that the will created personal trusts, which could not be executed by the sole executor who qualified.

4. *Executor and trustee acting without authority; bill for account and settlement.*—When a sole acting executor undertakes the management of the estate, and the execution of the personal trusts created and conferred by the will on both of the persons named as executors, although he acts without authority, he renders himself liable as a trustee; and he may be required to account in equity at the suit of the remainder-man.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 7th May, 1884, by Mrs. Adolph M. Austin, "a married woman, who is twenty-one years of age, and resides in Mobile county with her husband, H. L. Austin;" against Mrs. Amanda M. Pinney, who was her mother, and against George F. Werborn, who was the executor of the last will and testament of the complainant's deceased father, Adolph M. Solomon; and sought to compel an account and settlement by said Werborn of his management of said estate, both as executor and as trustee.

The said testator died in May, 1862, in the city of Mobile, where he resided; and his last will and testament was there duly proved and admitted to probate, soon after his death, and let-

[Werborn v. Austin.]

ters testamentary granted to said Werborn, one of the persons therein named as executors. The will, a copy of which was made an exhibit to the bill, contained the following provisions : (1). "I give, devise and bequeath the property I may now have, or which I may own at my death, whether real or personal, to my executors hereinafter named, to be held by them as trustees to carry out the provisions of this will. I empower them to carry on the mercantile business I may be engaged in at the time of my death, upon such terms, for such time, and in such manner as they may deem best for the interests of my estate, subject to the other provisions of this will ; and they are also empowered not only to close the same when they think best, but also to sell, dispose of, re-invest and manage any part of the said interest, or any or all of my property, of any and every kind, upon their judgments, without any order of the court. In the conduct of said mercantile business, however, as well as in the closing of the same, and in the disposition, sale, re-investment and management of any portion of my property, my wife, Amanda M., must be consulted by my executors; and her consent to the action taken by them must be obtained in writing, and must be attested by at least one respectable witness. In case my wife and my executors can not agree as to the foregoing matters, the proper courts of the country must determine and order the course to be pursued by my executors, as most conducive to the interests of my estate." (2.) " After my just debts are paid, I give to my wife, Amanda M., the profits, use, enjoyment and income of all such property, of every kind, as I may leave at my death, for the support, maintenance and education of herself and children as a family; but my wife shall not dispose of any part of the same, in any way, nor subject it, as I give her no interest except in conjunction with the children aforesaid as a family. I especially charge my said wife to employ any such income or profits to the liberal maintenance and education of any child or children, or its or their descendants, as may have been or may be begotten of her by me ; and the provisions as to the maintenance and support of any other child or children shall take effect only so long as such child or children may actually form a part of my said wife's family, and be dependent upon her." (3.) "At the death of my wife, I give, devise and bequeath the absolute ownership of my property, both real and personal, not consumed in the use aforesaid, to my child or children, or its or their descendants, that may have been or may be begotten of the said Amanda by me; but, in case she should leave no such child or children, or descendants as aforesaid of it or them, surviving her, then I bequeath any such remainder to any children or to any child of my said wife as may then be living." (4.) "I nominate, constitute and appoint

[Werborn v. Austin.]

my friend, George F. Werborn, and B. L. Tiner, of the city of Mobile, the executors of this, my last will and testament; and I invest them with all powers necessary and proper to execute this will and testament, and also empower them to compound, settle and arrange my debts, as they may think the interests of my estate may require. In testimony of which," &c.

The testator left an only child, then an infant of tender years, the complainant in this suit, who attained the age of twenty-one years within one year before the filing of the bill. Mrs. Amanda M., his widow, afterwards married again, and she was made a defendant to the bill. Werborn, the sole executor who qualified, undertook the administration of the estate, bought and sold property, and carried on the testator's business for many years; and the bill charged the commission by him of many acts of waste, negligence, and maladministration. In the year 1881, the executor was cited by the Probate Court, at the instance of Mrs. Pinney, to make a settlement of his accounts; and he thereupon appeared, and made a settlement of his administration, and a decree was then rendered against him, which was afterwards reversed by this court on appeal, at the instance of Mrs. Pinney.— *Werborn v. Pinney*, 72 Ala. 48–63, where the decree is set out in full. The bill alleged and charged that this decree was *res inter alios* as to complainant, because she was not represented by a guardian *ad litem*; and that it was void for want of jurisdiction, so far as it assumed to pass upon the acts of the executor as trustee. On these facts and allegations, the bill prayed that said Werborn be required to make a full settlement of his accounts and acts in the administration of the estate, that he be removed as executor and trustee, and that another person be appointed, if necessary, to carry out the trusts created by the will; and the general prayer, for other and further relief, was added.

A demurrer to the bill was filed by Werborn, assigning the following as grounds of demurrer: (1.) The bill is without equity, because it shows that the complainant is a married woman, and her husband is not a party. (2.) It is without equity, because it shows that Tiner, one of the persons named in the will as executor, refused to qualify, or to accept the trusts created by the will; whereby the discretionary powers vested by the will in said executors as trustees were annulled, and no trusts devolved upon said Werborn except such as were of a purely executorial nature; and because it shows that the complainant's mother, Mrs. Pinney, was her trustee under the provisions of the will, and was the only necessary party to said final settlement in the Probate Court. (3.) Because it shows that the discretionary powers vested by the will in the executors were annulled by said Tiner's refusal to accept the trust, and that no trusts de-

volved upon said Werborn except such as were of a purely executorial nature; and because it shows that Mrs. Pinney was the complainant's trustee under the terms of the will, and was a necessary party to said final settlement; and therefore complainant shows no right to file this bill, to compel a final settlement by said Werborn as executor. (5.) Because it shows that this defendant is in no wise connected or interested in the trusts of the will, and has made a final settlement of his accounts as executor; and it is not shown that complainant's said trustee, Mrs. Pinney, was not a party to said final settlement, and it is not shown that complainant is entitled to file this bill to correct any error of law or fact in said settlement, "and said bill is alltogether multifarious." (6.) Because it does not show that complainant's husband was not a party to said final settlement in the Probate Court.

The chancellor overruled the demurrer, on all the grounds assigned; and his decree is now assigned as error.

F. G. Bromberg, for the appellant.

Pillans, Torrey & Hanaw, contra.

STONE, C. J.—Rule 15 of Chancery Practice was based on, and intended to carry into effect, the act "to allow married women, in certain cases, to sue in their own names," approved March 4, 1876.—Sess. Acts, 159. That act was omitted from the Code of 1876, and hence became inoperative; and the rule of practice fell with it.—*Sawyers v. Baker*, 72 Ala. 49. Mr. Austin ought to have been joined with his wife as a complainant, and the demurrer on that account ought to have been sustained.

There can be no question that the trusts created by Mr. Solomon's will were personal trusts confided to both of the persons named as executors, and that when Tiner refused to qualify and act, Werborn had not the power to perform the varied and delicate duties the will had created.—*Camp v. Coleman*, 36 Ala. 163; *Perkins v. Lewis*, 41 Ala. 649; *Anderson v. McGowan*, 42 Ala. 280; *Tarver v. Haines*, 55 Ala. 503; *Ex parte Dickson*, 64 Ala. 188. The bill, however, avers that Werborn did undertake to perform many of the functions of the trust, and it charges many acts of unauthorized administration. He has thereby, if these averments be true, rendered himself liable to be brought to account as trustee; and acting without authority, chancery will look after the trust fund, and place it in safe hands.—2 Williams on Ex'rs, by Perkins, 1506; 3 *Ib.* 1894; *Mason v. Pate*, 34 Ala. 379; *Holbrook v. Harrington*, 16 Gray, 102; *Saunderson v. Stearns*, 6 Mass. 37; *Sheets' Estate*, 52 Penn. St. 257. And Mrs. Austin, remainder-man of

[Koppersmith v. Nassano.]

the bequest, has the right to file her bill and bring the trustee to account, in such case as the averments of this bill make. Perry on Trusts, 3 ed., § 275.

On the single question of parties complainant,

Reversed and remanded.