**323 So.2d 353**
**Dorothy DaPonte TRABITS**

**v.**

**The FIRST NATIONAL BANK OF MO-
BILE, Alabama, a corporation.**

**SC 1182.**

Supreme Court of Alabama.

Nov. 26, 1975.

Howell, Johnston, Langford, Finkbohner
& Lawler, Mobile, for appellant.

Hamilton, Butler, Riddick & Latour, Mobile, for appellee.

BLOODWORTH, Justice.

This appeal is from a judgment of the Circuit Court of Mobile County granting appellee-trustee's motion to dismiss appellant-beneficiary's complaint for failure to state a claim upon which relief can be granted.

The complaint sought a declaratory judgment construing the terms of a trust under which appellant is the sole life beneficiary and appellee-bank is the named trustee. Under the terms of the trust, the beneficiary is to receive a monthly payment of $400.0 for life. After her death, the remaining corpus is to be distributed to her children and grandchildren or, if she dies childless, to the executor or administrator of her estate.

In her complaint, the beneficiary makes specific claims for relief in the alternative:

"1. Terminate said Trust Agreement because it violates the rule against perpetuities;

"2. Terminate said Trust Agreement because of the impossibility in carrying out the material purpose or object of the Settlor to provide for successive beneficiaries, including Complainant, which material purpose or object will not now come about;

"3. Terminate said Trust Agreement because the beneficial interest in said Trust Agreement has become vested sole-

ly in Complainant and she desires and consents to said termination;

"4. Modify said Trust Agreement to order Respondent to distribute all of the income generated by the principal amount of said Trust Agreement on a monthly basis to Complainant;

"5. Modify said Trust Agreement to increase the monthly benefits paid to Complainant by an amount which the Court finds the Settlor would have done if he still lived;

"6. Complainant prays for such other, further, different and general relief as the Court deems fit and proper and offers to do equity."

The instrument in question is dated February 23, 1943. On that date appellant, the settlor's only child and the life beneficiary under his trust, was 26 years old. Under the original terms of the trust, the life beneficiary was to receive monthly payments in the amount of $100.00, payable out of trust income or principal, if necessary. Prior to his death in 1968, the settlor twice exercised a reserved power to increase the monthly payment to the beneficiary, by first raising the monthly payment to $150.00 and by later raising it to the present level at $400.00.

This power to increase the monthly payment to the life beneficiary was reserved by the following provision in the trust: "upon delivery of any additional securities, monies, property, or other evidences of indebtedness to the trustee, [the settlor] may amend the instructions with reference to the monthly payments to be made to the beneficiary by instructing in writing the additional amount of monthly payments to be made because of the additions to the corpus of the trust." In addition, the trust reserves to the settlor the power to add additional assets to the trust fund at any time.

In brief, the life beneficiary estimates that the trust corpus is "in excess of $150,000.00" and that $7,000.00 in excess trust income is being added annually to the corpus. The beneficiary argues that the present accumulation of corpus and the amount of annual excess trust income added to corpus are circumstances that were not foreseen by the settlor and that, in order to effectuate the original trust purpose, it has become necessary and proper either to increase the size of the monthly payment to the beneficiary or to terminate the trust. As appellee, the trustee insists that the beneficiary's estimates as to the value of the trust corpus and excess trust income are substantially greater than the actual market values.

In further support of her cause, the life beneficiary argues that her lack of offspring and her inability to have offspring [she has undergone a hysterectomy] foreclose the possibility of eventual distribution to remaindermen since the only remaindermen specified under the terms of the trust are the life beneficiary's "children and grandchildren." The life beneficiary theorizes that because she is the present owner of a beneficial interest in the trust and that because such ownership will pass to her estate upon her death, all beneficial interests under the trust have been merged under what is her common ownership, for all practical purposes.

The life beneficiary relies on case law from various jurisdictions to support her contention that merger in the same party of both a life interest and a remainder interest in the res of a trust compels the termination of the trust. Along the same line she also argues that a trust may be terminated if all parties holding beneficial interests in the trust agree to its termination.

Whether the beneficiary is entitled to the relief she requests is not an issue raised by the instant appeal. Rather, the crucial question presented is whether the court was in error in granting the trustee's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. We think this was error and reverse and remand.

*Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) is the case most often referred to in the federal cases as setting out the proper test of the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [That rule is exactly the same as Rule 12(b)(6), A.R. C.P.] In that case, the Supreme Court of the United States stated that:

> "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

355 U.S. at 45–46, 78 S.Ct. at 102, 2 L.Ed. 2d at 84. This test has been followed by this Court in the case of *Bowling v. Pow,* 293 Ala. 178, 301 So.2d 55 (1974). In *Watwood v. R. R. Dawson Bridge Co.,* 293 Ala. 578, 307 So.2d 692 (1974), this Court again indicated its adoption of the rule set out in *Conley v. Gibson:* "[I]n reviewing the sufficiency of a complaint, it should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 293 Ala. at 581, 307 So.2d at 693–94.

■ Under the facts of the instant case, the beneficiary claims to be entitled to a declaratory judgment in favor of the modification or termination of the trust in question. This Court has held that the proper test of the sufficiency of the complaint in a declaratory judgment proceeding is whether "the complaint states the substance of a bona fide justiciable controversy which should be settled." *City of Bessemer v. Bessemer Theatres, Inc.,* 252 Ala. 117, 120, 39 So.2d 658, 660–61 (1949). The rule set out in *Corretti v. First Nat'l. Bank,* 290 Ala. 280, 276 So.2d 141 (1973) is even more directly on point in the instant appeal. In *Corretti* this Court held that the sufficiency of the complaint in a declaratory judgment

proceeding involving a trust is to be determined by the absence or presence of "bona fide doubt as to the true meaning and intent of the provisions of the instrument creating the trust or as to the particular course which the trustee should pursue." 290 Ala. at 286, 276 So.2d at 146.

■ The trustee in this cause insists that a justiciable controversy involving a trust can exist only where the terms of the instrument are unclear or ambiguous. Without venturing to comment on the ambiguity vel non of the instrument involved here, we point out that there are circumstances under which a court may exercise jurisdiction over a trust instrument in the absence of any ambiguity in the terms of the instrument itself. For example, deviation from the unambiguous terms of a trust is sometimes allowed under the doctrine of equitable deviation. See *Thurlow v. Berry,* 249 Ala. 597, 32 So.2d 526 (1947).

■ The successful assertion of the theories upon which the beneficiary relies in seeking a modification or termination of the trust is dependent upon a judicial finding that the objects of the trust are those set out in her complaint. According to the Restatement (Second) of Trusts § 337, comment e at 159 (1959), if the trust purposes are expressed in the trust instrument, "a different purpose cannot be shown by extrinsic evidence." On the other hand, if the trust purposes are not expressly stated, they may be construed from the language of the trust language with the aid of extrinsic evidence of circumstances surrounding the creation of the trust. *Id.* Our reading of the trust instrument in this case has not revealed an express statement of the purposes of the trust. Moreover, it would be inappropriate at this juncture for this Court to speculate as to the settlor's possible purposes, since that is a matter properly reserved for resolution in the trial court in the first instance.

■ We are, of course, cognizant of the long-standing general rule that "neither

the settlor, trustee, or beneficiaries can change the terms of the trust" unless such changes are expressly authorized in the trust instrument. *G. Bogart, Handbook of the Law of Trusts* § 145, at 573 (4th ed. 1963). Likewise, we are familiar with the prevailing American rule that if compliance with the trust terms "is necessary to carry out a material purpose of the trust, the beneficiaries cannot compel its termination." *Restatement (Second) of Trusts* § 337(2) (1959).

Although the foregoing rules represent well-settled principles of law, they are not controlling of the issues raised by this appeal. The determinative issue on this appeal is what standard should govern a motion for dismissal under Rule 12(b)(6) in a declaratory judgment proceeding. We think that the proper standard is the one set out in our case of *Robinson v. Robinson*, 273 Ala. 192, 136 So.2d 889 (1962), although *Robinson* was rendered prior to the adoption of the Alabama Rules of Civil Procedure.

■ In *Robinson*, this Court held that "[t]he test of the sufficiency of [a complaint for declaratory relief] is *not* whether the complaint shows that the complainant will succeed in getting a declaration of rights in accordance with his theory or contention, but whether he is entitled to a declaration of rights at all." 273 Ala. at 195–96, 136 So.2d at 891 (emphasis added). Our application of the *Robinson* standard compels us to the conclusion that the beneficiary in this case was entitled to a determination of her cause, on its merits. We cannot say that, as a matter of law, it is beyond doubt that the beneficiary could not prove any set of facts which would entitle her to some part of the relief requested in her complaint. *Conley v. Gibson,* supra.

In considering an issue involving a 12(b)(6) motion, the Fifth Circuit Court of Appeals has admonished that "the more extreme or even far-fetched is the asserted theory of liability, the more important it is that the conceptual legal theories be explored and assayed in the light of *actual facts,* not a pleader's supposition." *Shull v. Pilot Life Ins. Co.,* 313 F.2d 445, 447 (5 Cir., 1963) (emphasis added). This Court's decision in *Bowling v. Pow,* 293 Ala. 178, 301 So.2d 55 (1974), follows the policy advocated in the *Shull* case. In *Bowling,* members of this Court upheld the plaintiff's right to a determination on the merits of his cause in spite of the Court's feeling that, "It may well be that the plaintiff has an extraordinarily hard road to travel to convince the trial court that he is entitled to have the trier of facts determine whether any part of the letter was understood in a defamatory sense . . ." 293 Ala. at 187–88, 301 So.2d at 64.

■ The policy mandating restraint in the granting of motions under Rule 12(b)(6), adopted by both the federal and the Alabama systems, can be implemented by application of the standard set out in *Conley v. Gibson.* That standard requires that the Court first determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., 355 U.S. at 45–46, 78 S.Ct. at 102, 2 L.Ed.2d at 84. If the Court finds itself in doubt as to whether the plaintiff could prove such a set of facts, the motion to dismiss for failure to state a claim upon which relief can be granted must be denied. Of course, by denying a Rule 12(b)(6) motion under these circumstances and then considering the cause on its merits, the Court is not precluded from a later determination that the complainant is not entitled to the relief he seeks. In that event, the appropriate ruling is a summary judgment. We agree with the text book authorities that "[t]he motion for summary judgment provides a more expeditious and effective procedure [as contrasted to the motion for dismissal for failure to state a claim upon which relief can be granted] for quickly terminating an action that does not appear to merit relief on its substantive merits." 5 *Wright and Miller, Federal Practice and Procedure* § 1357, at 603–04 (1969).

Dismissal for failure to state a claim for which relief can be granted is a tool which should be used sparingly. In view of our inability to rid ourselves of all doubt that the beneficiary cannot prove any set of facts which would entitle her to relief, we reverse the ruling of the lower court in this cause and remand the cause for further consideration in the light of this opinion.

Reversed and remanded.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.