128

324 So.2d 770

**Steve McKENNA d/b/a Roadrunner #2 and Korner Kupboard Franchise**

v.

**CITY OF HOMEWOOD, Alabama, a Municipal Corporation, et al.**

**SC 1180.**

Supreme Court of Alabama.

Dec. 18, 1975.

Seier & Halcomb and Beddow, Fullan & Vowell, Birmingham, for appellant.

Irvine C. Porter, Birmingham, for appellees.

ALMON, Justice.

Appellant brought a civil action against the City of Homewood, Alabama, et al., seeking mandamus, declaratory and injunctive relief.

The amended complaint alleged that appellant operated two places of business in the City of Homewood and had been issued a retail off premise beer license by the State of Alabama and the City of Homewood for the years 1969 through 1974; and that on October 1, 1974, appellant was issued a retail off premise beer license and a retail off premise wine license by the State of Alabama for the period October 1, 1974 through September 30, 1975. For the license year 1975 appellant was issued by the City of Homewood A "retail merchant's license" but his application for a "retail off premise beer license" was denied by the City of Homewood.

The amended complaint further stated:

"5. Petitioner has purchased, and there has been issued to your Petitioner by the City of Homewood, Alabama, a retail merchant's license for the year 1975 and your Petitioner applied for renewal and issuance of a retail off premise beer and off premise wine license for the year 1975 by the City of Homewood and that the same was refused by the City of Homewood on January 27, 1975. Petitioner is ready, willing and able to pay these fees upon issuance of the license.

"6. That on the 22nd of July, 1974, the Homewood City Council passed an ordinance, a copy of which is attached to the pleading as Exhibit 'C'. That such business of the Petitioner was properly licensed prior to the passage of Ordinance 1265. That such actions on the part of the Homewood City Council have been arbitrary and capricious and that such ordinance is unconstitutional under the laws and Supreme Court decisions of the State of Alabama. That such ordinance attempts to discriminate against (1) drugstores or (2) gasoline service stations or (3) delicatessens, grocery stores or neighborhood convenience stores where gasoline or other petroleum products are sold to the public in the City of Homewood, or its police jurisdiction, who, or which have not theretofore obtained the consent and approval of the governing body of the City of Homewood to handle and sell said beverages, or any of them, at the places aforesaid.

"7. That the Amendment to Ordinance 1265 was adopted by the City Council of the City of Homewood on January 27, 1975 which was the same meeting that the Petitioner was denied the renewal and issuance of a retail off premise beer and wine license for 1975. That such actions of the City Council were specifically passed by the Homewood City Council for the purpose of preventing your Petitioner from selling beer in its convenience store. A copy of the ordinance as adopted on January 27, 1975 and published in Shades Valley Sun

newspaper on January 30, 1975 is attached to the pleadings as Exhibit 'D'.

"8. That the actions on the part of the City of Homewood have injured, damaged and harmed your Petitioner in the exercise of its valid and legal property rights. That such action on the part of the City of Homewood has caused your Petitioner to expend large amounts of time and money to exercise his lawful rights and to protect himself from the arbitrary and capricious behavior of the Homewood City Council.

"9. That there are numerous grocery stores that are presently selling petroleum products and off premise consumption wine, malt or brewed beverages within the City of Homewood and these persons, firms, associations or corporations have not been required to appear each year for the issuance of a municipal beer license. That such actions by the Homewood City Council have been specifically designed to discriminate against certain persons or firms at the 'whims' of the Council and such action has been discriminatory, arbitrary and capricious."

Homewood's denial was apparently based on Ordinance No. 1265 passed July 22, 1974, which provided, inter alia, that no drug store, gasoline service station or delicatessen, grocery store or neighborhood convenience store where gasoline or other petroleum products were sold to the public should sell or keep for sale wines or malt or brewed beverages for off premise consumption.

The trial court granted appellees's 12(b)(6) ARCP motion to dismiss for failure to state a claim upon which relief can be granted. In so doing, the court relied primarily on *USA Oil Corporation v. City of Lipscomb*, 293 Ala. 103, 300 So.2d 362.

The case of *Trabits v. First National Bank*, 1975, 295 Ala. 85, 323 So.2d 353, is dispositive of this issue. In *Trabits* this court re-affirmed its adoption of the standard set out in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) where the Court stated:

". . . In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . ." 355 U.S. 45–46, 78 S.Ct. at 102, 2 L.Ed.2d at 84.

We would again call attention to the *Trabits* case wherein we state the following:

". . . We agree with the textbook authorities that '[t]he motion for summary judgment provides a more expeditious and effective procedure [as contrasted to the motion for dismissal for failure to state a claim upon which relief can be granted] for quickly terminating an action that does not appear to merit relief on its substantive merits.' 5 Wright and Miller, Federal Practice and Procedure § 1357, at 603–04 (1969).

"Dismissal for failure to state a claim for which relief can be granted is a tool which should be used sparingly. . . ."

We are not persuaded that the appellant would be unable to prove any set of facts in support of his claim which would entitle him to relief.

The judgment is hereby reversed and the cause remanded.

Reversed and remanded.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.