328 So.2d 279

**DIRECT OIL CORPORATION, INC., a corporation,**

v.

**CITY OF HOMEWOOD, a Municipal Corporation, et al.**

SC 1284.

Supreme Court of Alabama.

Feb. 27, 1976.

Lewis K. Cato and James B. Morton, II, Birmingham, for appellant.

Irvine C. Porter, Birmingham, for appellees.

MERRILL, Justice.

The decree in this declaratory judgment proceeding is reversed and the cause is remanded on authority of *McKenna v. City of Homewood*, 295 Ala. 128,, 324 So.2d 770, decided December 18, 1975.

In the instant case, the proceeding was brought to test the validity of Ordinance 1265 of the City of Homewood which prohibited the sale of wine or malt beverages at any drugstore, gasoline service station, or delicatessen, grocery store or convenience store where gasoline was sold to the public, unless the consent and approval of the city council was first obtained.

At the time of the oral argument, appellees' brief was limited to its motion to dismiss the appeal on the ground that the question was moot. This was because Ordinance 1265 had been superseded by Ordinance 1271, which was passed January 27, 1975, and the instant case was not tried in circuit court until March, 1975, when the court dismissed the cause on authority of *USA Oil Corporation v. City of Lipscomb*, 293 Ala. 103, 300 So.2d 362. At that time, *McKenna*, supra, had not been decided.

In *McKenna*, there is no mention of Ordinance 1271, but it is referred to in the pleadings as "the amendment to Ordinance 1265" adopted on January 27, 1975, the same date that Ordinance 1271 was adopted. Actually, 1271 is identical to 1265 ex-

cept that the last 45 words of 1265, requiring approval of the city council, are omitted from 1271.

So this court had both ordinances in the record before it in *McKenna* and it remanded the cause after it had been dismissed on motion based on ARCP 12(b)(6). When the instant case was argued and submitted here, the record did not even contain a copy of Ordinance 1271.

The only material difference between *McKenna* and the instant case is that the place of business was a convenience store in *McKenna* and it is a gasoline service station in this case.

At oral argument in the instant case attorneys for both sides requested us to go ahead and decide the question of the validity of Ordinance 1271. Since submission, the City of Homewood has filed a supplemental brief which is the brief the city filed in *McKenna*. While the request offers some advantage in time, we are persuaded that it would be fairer to follow the same action as taken in *McKenna*. We never properly had Ordinance 1271 before us in the instant case; the supplemental brief is addressed to *McKenna* and not this case; we would have to completely disregard the question of mootness; and counsel representing *McKenna* have not been consulted, insofar as we are informed, and they certainly would be inclined to believe that this court would follow *McKenna* as to procedure. In addition, one panel of this court could be charged with going counter to the other in the treatment accorded to the parties on the same question of law and procedure.

The judgment of the trial court is reversed and the cause is remanded.

REVERSED AND REMANDED.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.