SHORES, Justice.
This is the second appeal by Mrs. Trabits from decrees rendered in the trial court in favor of the First National Bank of Mobile, as Trustee of the Paul Danner Trust. On the first appeal, Trabits v. First National Bank of Mobile, 295 Ala. 85, 323 So.2d 353 (1975), this court reversed the trial court’s granting the bank’s motion to dismiss the complaint filed by Mrs. Trabits and remanded the cause for a hearing on the merits.
It is Mrs. Trabits’ contention that the trust created by her father in 1943, on the occasion of her twenty-seventh birthday, should now be terminated because the second object of the trust, the preservation of the corpus for the benefit of Mrs. Tra-bits’ children and grandchildren, has become impossible because she has not had any children and because it is now medically impossible for her to have children.
She also argues that because it is impossible for her to have children, and having had none, the right to the income and the beneficial interest in the remainder of the trust has become merged in the life tenant, Mrs. Trabits, and that she is the only person who has any interest in the trust. She argues that since the trust is not a spendthrift trust, and inasmuch as the life interest and the remainder interests have merged in her, the trust should be terminated, and the entire trust estate turned over to her.
Alternatively, she asks that, if the court denies her request to terminate the trust, it modify the same, so that all of the income derived therefrom is paid to her in monthly installments.
The record shows that on three occasions after the creation of the trust, Mr. Danner directed the trustee to increase the monthly payments, first to $125 per month, then to $150 per month and, finally, to $400 per month, which last amount is being paid to Mrs. Trabits at the present time. The record also shows that for the past three years, the trust has produced an income, which averages approximately $200 per month over and above that paid to Mrs. Trabits or, in other words, the trust estate for the past three years has produced an average monthly income of some $600.
After a hearing on remand, the trial court denied the relief sought by Mrs. Tra-bits and again she appealed.
The trust established by Mr. Danner is irrevocable, and the pertinent provisions are as follows:
*1349 “FIRST, To invest and reinvest the same; to collect and receive the interest, dividends and income therefrom; to pay to the said Dorothy Danner, daughter of the Grantor, as long as she lives, $100.00 per month out of the income and/or principal. In the event the net income received during any calendar year should exceed the aggregate of the monthly payments made to said Dorothy Danner, any excess is to be added to and become a part of the corpus of the trust estate. If at the time of the death of the said Dorothy Danner there shall be living a child or children of her, or descendants of deceased children of hers, then the Trustee shall divide the remainder of the corpus of the trust fund, including all accumulated income therefrom, into separate equal shares so that there will be exactly enough of said shares to set apart one of said shares for each of the children of the said Dorothy Danner then living, and one of said shares for the living descendants of each of said deceased children of Dorothy Danner. If, at the time of the death of Dorothy Danner, she leaves no child or children, or a child or children of any deceased child surviving her, then the trust together with any accumulations thereon shall be paid over to the executor or administrator of Dorothy Danner.
“SECOND, The Grantor shall have the right to add to the Trust Fund from time to time as he may desire any additional monies, property . . . the Grantor, upon delivery of any additional securities, monies, property, or other evidences of indebtedness to the trustee, may amend the instructions with reference to the monthly payments to be made to the beneficiary by instructing in writing the additional amount of monthly payments to be made because of the additions to the corpus of the trust.”
It is the responsibility of the courts, when called upon to construe a trust, to determine the intention of the settlor, which is the law of the trust, and “[I]f the nature, subject matter and objects are reasonably ascertainable and the scheme not inconsistent with some established rule of law or public policy, that intention must control and the courts will sustain and give it effect. . . .” Stariha v. Hagood, 252 Ala. 158, 163, 40 So.2d 85, 89 (1949); citing Thurlow v. Berry, 249 Ala. 597, 32 So.2d 526 (1947), and Hodge v. Joy, 207 Ala. 198, 92 So. 171 (1922).
In remanding this case for further proceedings, this court said:
“The successful assertion of the theories upon which the beneficiary relies in seeking a modification or termination of the trust is dependent upon a judicial finding that the objects of the trust are those set out in her complaint. According to the Restatement (Second) of Trusts § 337, comment e at 159 (1959), if the trust purposes are expressed in the trust instrument, ‘a different purpose cannot be shown by extrinsic evidence.’ On the other hand, if the trust purposes are not expressly stated, they may be construed from the language of the trust language [sic] with the aid of extrinsic evidence of circumstances surrounding the creation of the trust. Id. Our reading of the trust instrument in this case has not revealed an express statement of the purposes of the trust. Moreover, it would be inappropriate at this juncture for this Court to speculate as to the set-tlor’s possible purposes, since that is a matter properly reserved for resolution in the trial court in the first instance.” (295 Ala. at 89, 323 So.2d at 357.)
The trial court, after hearing extrinsic evidence of the circumstances surrounding the creation of the trust in this case, has determined that the purposes are not those contended for by Mrs. Trabits. In other words, the trial court, in refusing to terminate or modify the trust, has disagreed with Mrs. Trabits’ contention that, because she has demonstrated by competent evidence that she is incapable of bearing children, the second object of the trust, i. e., preservation of the corpus for the benefit of her child or children, has failed. We agree with the trial court.
*1350 It is quite clear from the trust instrument that Mr. Danner provided for the contingency that his daughter might die without having a child or children. The trust instrument expressly provides: “. . . If, at the time of the death of Dorothy Danner, she leaves no child or children, or a child or children of any deceased child surviving her, then the trust together with any accumulations thereon shall be paid over to the executor or administrator of Dorothy Dan-ner.”
By this language, the settlor has made provision for the disposition of the trust estate in the event his daughter .dies without having produced children or grandchildren. The instrument, in effect, gives his daughter a power of appointment by will of the corpus if she fails to produce children. Failing the exercise of that power of appointment, it is the settlor’s direction that the corpus be paid over to the administrator of his daughter’s estate for distribution to her heirs. There is nothing offensive to law or public policy in this scheme of disposition. It is our duty, therefore, to uphold it.
Mrs. Trabits urges us to follow other jurisdictions in refusing to follow the common law presumption that the possibility of issue is never extinct as long as a person lives. She concedes that the prevailing trend in the United States has been to treat that presumption as conclusive or absolute, and to apply it even though the facts in a particular case would seem to support a contrary conclusion. See 98 A.L.R.2d 1286. The better view, she contends, is to recognize that modern medicine has reached a point where it can now be established scientifically that a person is incapable of bearing children, and that courts should recognize that fact. That argument might have some appeal under circumstances different from those presented here.
We simply can see no application of the common law rule, or the so-called modern rule, in this case, because the settlor anticipated the contingency that his daughter might not produce children, and provided for that contingency. It was his purpose and intent that the corpus of the trust, in the event his daughter produced no children, should be paid over to the executor of his daughter, if she died leaving a will, and if not, then to her administrator.
Where there is an expressed intention that a trust shall continue during the lifetime of a specified person, the desire of the beneficiaries to terminate it cannot prevail over the expressed intention of the settlor. 76 Am.Jur.2d, Trusts, § 76.
Mrs. Trabits argues, however, that because she has made a will and has left her estate to an organization which promotes causes which her father violently disagreed with, it would be his preference that the trust terminate rather than to have the corpus of the trust estate pass under her will. We are not persuaded by this argument, and indeed are not permitted to speculate on what the settlor might have done had he been able to forecast the future. We can only look to circumstances existing at the time the trust instrument was executed. Thomas v. Reynolds, 234 Ala. 212, 174 So. 753 (1937). It is clear that at the time Mr. Danner executed the trust instrument involved in this case, in 1943, it was his intention to provide for a monthly income for his daughter, for life, and upon her death the corpus “. . . together with any accumulations thereon ... . ” was to be paid over to any “living child or children of her”; but if she leaves no child or children (or their descendents), then to her executor or administrator.
Clearly, by this language, the life estate and the remainder estates have not merged, as contended by Mrs. Trabits. Nor do we agree' with her contention that the trust is a passive one. Hence, we need not decide whether a trust terminates in Alabama where the remainder and life interests meet • in the same person. Mrs. Trabits is the life tenant; but she is not, by the terms of the trust, the remainderman.
We agree with the trial court’s conclusion that the trust is not due to be terminated or modified as sought by Mrs. Trabits. Because it would serve no purpose in this *1351 litigation, we pretermit any discussion of the rule against perpetuities.
AFFIRMED.
MADDOX, FAULKNER, EMBRY and BEATTY, JJ., concur.