**IN THE MATTER OF THE ESTATE OF:**
**ELIZABETH ROOHAN PADGETT, Deceased**

Probate No. 49-77

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 11, 1978

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

 Petitioners, the sole heirs-at-law and beneficiaries under the Last Will and Testament of the decedent, have prayed for an order citing the Executor/Trustee James Roohan to appear to show cause why he should not be removed, to revoke his letters if he should fail to appear, to revoke the provisions of the Last Will and Testament of the deceased with respect to the establishment of a trust for the benefit of petitioners,[1] and to permit settlement of the estate without administration pursuant to 15 V.I.C. § 198. On October 12, 1977, the Executor/Trustee James Roohan resigned. In response to petitioners' prayer, this court issued an order questioning its authority to revoke the trust provision. Petitioners rely on the Restatement (Second) of Trusts §§ 335 and 337 (1959). Section 335 provides:

If the purposes for which a trust is created become impossible of accomplishment or illegal, the trust will be terminated.

Comments a and c make clear, however, that impossibility is a ground for termination only where the trust property or the object of the trust is destroyed prior to a petition to the court praying for termination. Thus, where the testator leaves a small sum of money in trust, the income of which is

---

[1] Paragraph four of the will, establishing the trust, provides in pertinent part:

All of the property that I own or may hereafter become entitled to, both real and personal, and of every nature, I give, devise and bequeath to my brother, COMMANDER JAMES F. ROOHAN, as Trustee, to be held in trust for my children, ARLENE ELIZABETH PADGETT and DONALD WAYNE PADGETT, and to be invested, reinvested or deposited in a Savings Bank where it will draw income or interest. I direct that the principal and interest of said Trust be held in equal parts for my children, and as each enters college, for said Trustee to pay the expenses of each of said children from his or her respective part, as the case may be. In the event that either or both of said children shall not attend college, or discontinue college before graduation, or graduate, I direct said Trustee, COMMANDER JAMES F. ROOHAN, to hold in said Trust whatever remains of his or her part until he or she reaches the age of thirty (30) years, at which time I direct said Trustee to pay to him or her whatever remains in his or her part, respectively.

287

to keep a certain house in repair, and the house is destroyed by fire, the trust will be terminated. It is apparent that no such situation is evident here. The estate presently consists of $14,000 in jewelry and $4,000 in cash and stock. The petitioners argue that if the trust is allowed to continue the costs and fees connected with administration will "quickly dissipate what little cash there is available in this trust" and further, "that a sale of the jewelry would be necessary." This argument goes to the wisdom of the trust's creation and the assets necessary to maintain it rather than to the impossibility of accomplishment of the trust's purpose. In fact, it is clear that the trust is possible of accomplishment. The testatrix has merely directed that the res be held in trust by the trustee until the beneficiaries reach the age of thirty, at which time the trustee is to pay "whatever remains" to them and the trust is to terminate. However wasteful or unwise this provision may seem to the beneficiaries, it certainly is not impossible of accomplishment as neither the jewelry nor any other specifically identifiable property is directed to be paid to the beneficiaries. Sale of the jewelry to maintain the trust would, strictly speaking, be more in keeping with the intention of the testatrix as revealed by the instrument than would be the termination of the trust. And it is elementary law that a will or testamentary trust is to be construed to best effect the decedent's intentions, and that a court will not substitute its intentions for that of the testator. Shelton v. King, 229 U.S. 90 (1913).

Petitioners also rely on § 337 of the Restatement (Second) of Trusts. That section provides:

Consent of Beneficiaries

(1) Except as stated in Subsection (2), if all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination of the trust.

288

(2) If the continuance of the trust is necessary to carry out a material purpose of the trust, the beneficiaries cannot compel its termination.

█ Petitioners contend that continuance of the trust is not necessary to carry out any of its material purposes, and further, that a continuance would, in fact, defeat the purposes of the trust by reason of the attendant fees, costs and expenses of administration. They further contend that as all (both) of the beneficiaries consent to the termination and neither of them is under an incapacity, the trust may be terminated pursuant to this provision. While the court sympathizes with the petitioners' predicament, it cannot interpret § 337 in the manner they suggest. A material purpose of the trust, if not its overriding purpose, is to postpone the enjoyment of the corpus of the trust until each petitioner reaches the age of thirty. This purpose is not defeated by the provision which permits invading the trust for the purpose of defraying college expenses. Comment j to § 337 makes it amply clear that courts shall not terminate a trust prematurely simply because the beneficiary so wishes. As long as the settlor's purpose still may be accomplished the court will not defeat this purpose. What the Supreme Court said in Shelton v. King, supra, when confronted with a similar prayer for premature termination, is controlling here:

The trust is not dry, but is active, and must continue, if not invalid, until the time of payment arrives. Upon what principle then, is a court of equity to control the trustee by compelling a premature payment?. . . . To do so would be to substitute the discretion of the court for that of the trustee. Upon the same and even stronger grounds a court of equity will not undertake to control them in violation of the wishes of the testator. To do that would be to substitute the will of the chancellor for that of the testator.

. . . .

. . . If the testatrix saw fit to have this fund accumulate in the hands of the trustee, and thereby postpone the enjoyment of her

gift, why shall her will be disregarded? The restrictions she imposed may protect her bounty against ill-advised investments and waste or extravagance.

. . . .

. . . There is no reason for declaring the trust invalid. There is no higher duty which rests upon a court than to carry out the intentions of a testator when the provision is not repugnant to settled principles of public policy and is otherwise valid.

229 U.S. at 94–95, 101. The decided weight of modern authority is in accord with above announced principles. See In re Trust of Tufford, 145 N.W.2d 59 (Minn. 1966); Lafferty v. Sheets, 175 Kan. 741, 267 P.2d 962 (1954); Hamilton v. Robinson, 151 S.W.2d 504 (St. Louis Ct. App. 1941); Trabits v. First National Bank, 323 So.2d 353 (Ala. 1975) (dicta). See also Annot., at 45 A.L.R. 743, supplemented by 123 A.L.R. 1427, 1436 and 163 A.L.R. 852, 856.

■ It is equally clear, however, that where the trustee does in fact transfer the trust property to the beneficiary or beneficiaries at their direction and none of them is under an incapacity, the trust terminates even though the purposes of the trust have not been fully accomplished. Restatement (Second) of Trusts § 342. The trustee is under no liability for making the transfer, and the beneficiary is estopped from attacking a completed transaction without first making restitution of that which he had received as a result thereof. Restatement, supra, § 342 Comment e; Hagerty v. Clement, 195 La. 230, 196 So. 330 (1940); accord 29 A.L.R.2d 1034, 1049. The Supreme Court has apparently given its blessing to this state of affairs:

That the respective legacies are vested and absolute is undeniable. No other person has any interest in them, and if the trustee should disregard the time of payment, and pay over to each legatee his or her legacy when they are competent to give a valid discharge, there would be no one who could call them to account.

290

Shelton v. King, supra, 229 U.S. at 94. Consequently, the parties may accomplish between themselves what the court is powerless to decree.

■ In the instant case the matter is complicated because the Executor/Trustee, James Roohan, has tendered his resignation. Title 15 V.I.C. § 241(a) makes acceptance of an executor's resignation discretionary with the court. A resignation may not be accepted, however, if the executor is "in default in any matter connected with the duties of his trust." The petitioners have alleged that Roohan owes $789.32 to the estate, and that he desires to wrongfully charge the estate for the decedent's burial expenses. It is clear that the court cannot permit the executor to resign until the above matters are resolved. In addition, there is no indication that Mr. Roohan would not be amenable to the petitioners' request for termination of the trust. Accordingly, the court will permit the parties to settle the above matters amongst themselves if they can, without prejudice to either party filing a claim against the other. In the interim, however, it is

ORDERED, ADJUDGED AND DECREED that the tender of resignation by James Roohan as executor/trustee under the will of Elizabeth Roohan Padgett is hereby denied, and it is further

ORDERED that petitioners' prayer for termination of the trust is hereby denied and it is further

ORDERED that petitioners' petition for settlement without administration is denied without prejudice pending negotiations concerning the disposition of the trust and may be renewed upon the parties' agreement to terminate the trust and upon strict compliance with the provisions of 5 V.I.C. §§ 198, 191, 192, 193, 194 and 195.