This appeal arises out of the trial court's granting appellee Aetna Life and Casualty Company's motion to dismiss for failure to state a claim upon which relief can be granted.
Appellants, Margaret W. Lavoie and Robert J. Lavoie, Sr., filed a five-count complaint seeking recovery from appellee insurance company for non-payment of benefits allegedly due Mrs. Lavoie under a group medical insurance policy. Appellants claimed both compensatory and punitive damages. The first count alleged breach of contract. The second count alleged reckless, wanton, malicious, oppressive, and outrageous conduct on the part of appellee in refusing to honor the claim thereby causing Mrs. Lavoie severe emotional distress. The third count alleged breach of appellee's implied duty to deal in good faith and to exercise reasonable care in the performance of its contractual obligations. The fourth and fifth counts contained Mr. Lavoie's claim for loss of consortium based upon the second and third counts. The trial court granted appellee's 12 (b)(6) motion as to all counts except the first. Final judgment was entered in accordance with ARCP 54 (b), and the Lavoies appeal.
Mrs. Lavoie alleges in her complaint the following set of facts. She entered the Mobile Infirmary, while insured under a *Page 311 
group medical insurance policy, to undergo a series of tests prescribed by her physician. Hospitalization was necessary since the tests could only be conducted in the controlled atmosphere of a hospital. As a result of the tests and hospitalization, Mrs. Lavoie incurred a charge of $3,028.25. Appellee only paid a portion of such expenses and refused to pay the balance of $1,650.22 on the ground that the tests should have been performed on an outpatient rather than inpatient basis. However, appellee had in its possession a physician's report stating that hospitalization was necessary to properly perform the tests; therefore, appellee had no valid ground to refuse to pay benefits properly due under the policy of insurance.
The sole issue presented for review is whether the complaint should have been dismissed for failure to state a claim for relief.
At the outset, we note that Mrs. Lavoie is attempting to recover for the "tort of outrage," that is, she alleges a claim for relief in tort for the bad faith refusal of the insurer to pay legitimate benefits due under a policy of insurance. This court has neither accepted nor rejected such a theory of recovery. Childs v. Mississippi Valley Title Insurance Co.,359 So.2d 1146 (Ala. 1978). This view was most recently reiterated in Vincent v. Blue Cross-Blue Shield, 373 So.2d 1054 (Ala. 1979):[1] "[T]his court might, under appropriate circumstances, recognize a tort action for the wrongful refusal to pay a valid claim. . . ." However, we added: "[But] facts supporting such circumstances have not been developed here. For us to attempt to delineate circumstances, or to hypothesize facts under which the court would recognize a tort claim in the posture of this case, would amount to no more than an advisory opinion. We, therefore, decline to do so."[2]
Whether appellants are entitled to relief under such a theory of recovery is not at issue in the instant appeal. Rather what is at issue is the sufficiency of the complaint under ARCP 12 (b)(6).
The classic statement of the proper test of the sufficiency of a complaint appears in Conley v. Gibson, 355 U.S. 41,78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In that case, the Supreme Court of the United States stated:
 In apprising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.
355 U.S. at 45-46, 78 S.Ct. at 102, 2 L.Ed.2d at 84. Accordingly, this court has stated:
 A motion to dismiss can never be granted unless it appears that the movant would not be entitled to recover under any theory of the case or any applicable state of facts. . . . Upon consideration of such a motion, the allegations of the complaint are construed in a light most favorable to the complainant, with all doubts and allegations resolved in his favor.
Pruitt v. Pruitt, 343 So.2d 495, 497 (Ala. 1977). Dismissal, then, is warranted only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim. 5 Wright Miller, Federal Practice Procedure § 1357 (1969). Not only should dismissals for failure to state a claim be used sparingly, Trabits v. First National Bank of Mobile,295 Ala. 85, 323 So.2d 353 (1975), but "[t]he court should be especially reluctant to dismiss on the basis of the pleadings when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in light of actual facts rather than a pleader's suppositions." Wright Miller, supra, § 1357, at 603. Shull v.Pilot Life Insurance Co., 313 F.2d 445, 447 (5th Cir. 1963);Trabits v. First National Bank of Mobile, supra. See Vincent v.Blue Cross-Blue Shield, supra. If after development of the facts it appears that the plaintiff is entitled to no relief, then summary judgment is the appropriate procedure to dispose of the claim. Trabits v. First National Bank of Mobile, supra. *Page 312 See Vincent v. Blue Cross-Blue Shield, supra.
In the instant case, we cannot say that as a matter of law appellants could not prove any set of facts which would entitle them to the relief requested. As previously mentioned, this court has not foreclosed the possibility of recovery in tort for the bad faith refusal of an insurer to pay legitimate benefits due under an insurance policy. Vincent and Childs
expressly recognized that the facts in a particular case may be such as to warrant recovery under the theory herein advanced. Thus, a plaintiff should not be foreclosed in the pleading stage because this court has not heretofore recognized recovery under such a theory. This is not to say, however, that this court will in fact recognize such a theory. It merely means that sufficient facts have not been presented in an actual case so as to genuinely pose the issue for our decision one way or the other.
Accordingly, it is the facts of an actual case which will breathe life into the legal theories now advanced by appellants, and their claims should not be summarily dismissed at the pleading stage. Therefore, appellee's 12 (b)(6) motion should have been overruled. Of course, denying the 12 (b)(6) motion does not preclude a later determination at trial or on motion for summary judgment that appellants are not entitled to the relief requested.
Since there is a doubt as to whether appellants can prove a set of facts in support of their claims so as to entitle them to relief, we conclude that it was error to grant the motion to dismiss. Trabits v. First National Bank of Mobile, supra.
Accordingly, this case must be reversed and remanded.
REVERSED AND REMANDED.
MADDOX and SHORES, JJ., concur.
JONES, J., concurs in the results.
BEATTY, J., concurs specially.
[1] 13 A.B.R. 1657.
[2] 13 A.B.R. at 1661.