This is the second appeal of this case. On the first appeal, from an order of the Circuit *Page 18 
Court of Mobile County granting insurer's motion to dismiss insured's complaint, the Supreme Court, per Torbert, C.J., reversed and remanded, stating:
 "[T]his court has not foreclosed the possibility of recovery in tort for the bad faith refusal of an insurer to pay legitimate benefits due under an insurance policy. . . . Thus, a plaintiff should not be foreclosed in the pleading stage because this court has not heretofore recognized recovery under such a theory. This is not to say, however, that this court will in fact recognize such a theory. It merely means that sufficient facts have not been presented in an actual case so as to genuinely pose the issue for our decision one way or the other."
Lavoie v. Aetna Life Casualty Company, Inc., 374 So.2d 310
(Ala. 1979), at 312.
Upon remand the insurer's second motion for summary judgment was granted as to the statements of the claim based upon the alleged tortious conduct of the defendant insurer (bad faith); and judgment was entered for the insured on the two statements of the claim based upon contract. The insured appeals from that portion of the trial court's order entering judgment for insurer.
In a recent decision, this Court recognized the intentional tort of bad faith in first party insurance actions. Chavers v.National Security Fire and Casualty Company, 405 So.2d 1 (Ala. 1981). The judgment of the Circuit Court of Mobile County, therefore, is reversed and remanded with directions to that court to reconsider the insurer's moton for summary judgment in the light of the teachings of Chavers.
REVERSED AND REMANDED WITH DIRECTIONS.
JONES, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX, J., concur in the result.