Plaintiffs, Vernon R. Holloway and Barbara G. Holloway, appeal from the dismissal of their action against Glenn L. Strickler, Katherine M. Strickler and C.E. Jackson. Plaintiffs purchased the Stricklers' home and later discovered that the attic had extensive fire damage. Their action, filed in the Circuit Court for Mobile County, sought damages from the Stricklers, Azalea Real Estate, Inc. (not a party to these appeals), certain unknown persons, and later, by amendment, from C.E. Jackson (Jackson). The Stricklers' motion to dismiss was founded on the allegation that the complaint failed to state a claim upon which relief could be granted. Jackson's motion to dismiss alleged the action was barred by the one-year statute of limitations in Code 1975, § 6-2-3. The trial court agreed and granted defendants' motions. It also found that there was no just reason for delay and entered judgment pursuant to Rule 54 (b), Alabama Rules of Civil Procedure. Plaintiffs then perfected these appeals.
The dispositive issue in the appeal involving the Stricklers is whether plaintiffs have stated a cause of action against them, thereby making the trial court's dismissal of their action erroneous. In the appeal involving Jackson, the dispositive issue is whether plaintiffs' action, by way of amended complaint, is barred by the statute of limitations in Code 1975, § 6-2-3. After reviewing these issues, we conclude that the trial court properly dismissed plaintiffs' action as to the Stricklers. We conclude also, that the judgment of the trial court dismissing plaintiffs' action as to Jackson was granted properly. The appeals involving the Stricklers and Jackson will be considered separately. *Page 776 
 Holloway v. Strickler (80-655)
The pertinent facts, as alleged in plaintiffs' complaint, are as follows. The Stricklers owned a home located at 132 Alton Street, Mobile, Alabama. They listed their home for sale with the multiple listings program of the Mobile County Board of Realtors. Azalea Real Estate, Inc. (Azalea), undertook the sale of the Stricklers' residence through that program. Jackson is the qualifying broker for Azalea. On May 19, 1977, plaintiffs and the Stricklers executed an agreement in which plaintiffs agreed to purchase the Stricklers' home for $22,500.00. The agreement contained the following provisions which made it dependent upon plaintiffs' securing a Farmers Home Administration (FmHA) mortgage in the amount of $22,500.00:
 2. THE TERMS OF PURCHASE SHALL BE as indicated by "X" below: (other unmarked terms of purchase do not apply).
. . . .
 NEW MTGE [] The full purchase price upon execution and delivery of Warranty Deed, contingent upon Buyer's ability to obtain a 33 year Farmers Home
(type) mortgage in the amount of $22,500.00 bearing the interest rate prevailing at time of closing, computed monthly; on or before the date the sale is to be closed, which Buyer agrees to apply for immediately and accept promptly if tendered.
. . . .
3. OTHER PROVISIONS:
 1. Offer contingent upon purchaser qualifying for Farmers Home Loan for $22,500.00.
Plaintiffs applied for, and got, the FmHA mortgage in the amount of $22,500.00. An agent or employee of the FmHA physically inspected the Stricklers' home to ascertain that it met building and structural requirements before the loan was approved. The transaction was closed and plaintiffs purchased the Stricklers' home. Thereafter, plaintiffs discovered that the attic had suffered severe fire damage to its rafters, joists, and roof decking. Plaintiffs alleged that the damage had not been repaired and because of that, the value of the home was reduced substantially.
Plaintiffs advance two theories of recovery against the Stricklers. In count one of their complaint, plaintiffs allege that the purchase agreement contained an implied promise that the house would meet minimum FmHA requirements for a mortgage. Although plaintiffs actually received their FmHA mortgage, they theorize that, in fact, the home does not meet FmHA structural standards because of the fire damage to the attic. Plaintiffs insist that the contract terms show an intention that plaintiffs were to buy, and the Stricklers were to sell, a home that actually met minimum FmHA standards. Apparently, the FmHA inspector failed to inspect the attic. In their second count, plaintiffs allege that it was a constructive condition precedent that the home would meet minimum FmHA structural standards.
We disagree with plaintiffs that an implied promise or covenant existed under the agreement requiring the home to meet minimum FmHA structural standards. Paragraph 13 of the agreement contains the following provisions:
 BUYER HAS EXAMINED this property and agrees to accept same in its present condition, except as may be specified herein, and that the foregoing constitutes the entire agreement. No terms or conditions agreed on verbally will be recognized. Any change must be writing [sic] and approved by all parties. Real Estate agents are not to be held liable for any conditions or nonperformance of this agreement.
It is a well established rule of contract law that:
 Where . . . the language of the contract is unambiguous and plain in its expression, the court cannot alter the agreement by construction but rather must expound it as it is made by the parties. Flowers v. Flowers, Ala., 334 So.2d 856 *Page 777 
(1976); Springdale Gayfer's Store Co. v. D.H. Holmes Co., 281 Ala. 267, 201 So.2d 855 (1967).
Ex parte Haponski, 395 So.2d 971 at 972 (Ala. 1981). The instant contractual provisions are clear and unambiguous. They provide that plaintiffs agreed to accept the house in its then present condition, and that the agreement was contingent upon plaintiffs securing a FmHA mortgage for the purchase price. Nevertheless, plaintiffs, in effect, attempt to engraft a covenant into the agreement encompassing FmHA structural standards. That, they cannot do. Their theory of an implied covenant is without merit. In Percoff v. Solomon, 259 Ala. 482
at 491, 67 So.2d 31 at 40-1, this court commented upon the conditions under which a covenant can be implied:
 An implied covenant must rest entirely on the presumed intention of the parties as gathered from the terms as actually expressed in the written instrument itself, and it must appear that it was so clearly within the contemplation of the parties that they deemed it unnecessary to express it, and therefore omitted to do so; or it must appear that it is necessary to infer such a covenant in order to effectuate the full purpose of the contract as a whole as gathered from the written instrument. It is not enough to say that an implied covenant is necessary in order to make the contract fair, or that without such a covenant it would be improvident or unwise, or that the contract would operate unjustly. It must arise from the presumed intention of the parties as gathered from the instrument as a whole. Palm v. Mortgage Investment Co., [229 S.W.2d 869
(Tex.Civ.App. 1950)].
 In the recent case of Darling Shop v. Nelson Realty Co., supra, we said [255 Ala. 586, 52 So.2d 211, at 215]:
 "It should be kept in mind that the court must construe a contract as it is written. The court cannot under the guise of construction make a new or different contract for the parties nor add to the terms of the contract words, terms or conditions not contained in it. * * * Furthermore in the absence of ambiguity the court cannot interpret the contract but must take it as it is written."
It cannot be said that it was clearly within the contemplation of plaintiffs and the Stricklers that the home would meet FmHA standards. A fair reading of the agreement merely reveals that plaintiffs' performance was conditioned upon their obtaining a FmHA mortgage for the stated amount of $22,500.00. Whether that mortgage was obtained with or without the home meeting FmHA standards is beyond the scope of the agreement.
Turning to plaintiffs' second count wherein they allege a theory of recovery based on a constructive condition precedent, we also find their contentions to be without merit. Plaintiffs' theory is premised on the definition of a constructive condition as defined by Restatement of Contracts § 253 (1932): "a `constructive condition' is a condition that is such because of a rule of law, and is not based on interpretation of a promise or agreement." Our research reveals no prior decisions of this court applying the above § 253. None has been cited by the parties. However, assuming, without deciding, that the Restatement definition can be applied, plaintiffs' cause still fails. We cannot perceive of a rule of law that would operate, under the instant facts, to engraft FmHA minimum structural standards into the contract. Indeed, plaintiffs' theory is outside the scope of the definition of a constructive condition as it is defined in § 253. The result urged by plaintiffs would require an "interpretation of [the] promise or agreement." That itself is contrary to the § 253 definition.
For all of the foregoing reasons, we conclude that it is apparent beyond doubt that plaintiffs can prove no set of facts entitling them to relief. Winn-Dixie Montgomery, Inc. v.Henderson, 371 So.2d 899 (Ala. 1979); Dunson v. FriedlanderRealty, 369 So.2d 792 (Ala. 1979); Trabits v. First NationalBank of Mobile, 295 Ala. 85, 323 So.2d 353 (1975). Accordingly, we affirm the judgment of the trial court. *Page 778 
 Holloway v. Jackson (80-747)
Plaintiffs sought damages from Jackson in four other counts of their complaint. Plaintiffs repeat many of their factual allegations as contained in their first two counts against the Stricklers. They continue with additional allegations. Plaintiffs allege that at the time of the sale, the Stricklers knew their attic had been damaged by fire. They further allege that an unnamed realtor, who prepared the purchase agreement, knew, or could have discovered by inspection, that the attic was damaged by fire. The complaint states that the unnamed realtor had an affirmative obligation to discover the fire damage. Plaintiffs theorize that the unnamed realtor was an agent or employee of Azalea, and that because Jackson is the qualifying broker[1] for Azalea, he is responsible for the acts of the unnamed realtor. Plaintiffs allege that an affirmative obligation existed, requiring Jackson to communicate the fact of the fire damage to plaintiffs.
In their complaint, plaintiffs allege that it was not until September 13, 1979, the day following Hurricane Frederic, that they discovered the fire damage while inspecting the attic for damage to the roof from the hurricane. By their amended complaint of January 27, 1981, plaintiffs joined Jackson as a party defendant to their action. Jackson moved to dismiss with prejudice, contending that plaintiffs' cause of action asserted against him was a claim for fraud and was, thus, barred by the one-year statute of limitations in Code 1975, § 6-2-3. The trial court granted Jackson's motion.
On this appeal, plaintiffs have elected to argue only the issue of whether their fraud claims are barred by § 6-2-3. Although they note that they have other theories of recovery in addition to fraud, they have presented no argument as to those other theories. Because no argument has been presented by plaintiffs on their other theories of recovery, we will consider the instant appeal only on the issue of whether their fraud claims are barred by § 6-2-3. Plaintiffs have waived their other arguments.
Whether § 6-2-3 bars plaintiffs' action is dependent upon whether the amendment relates back to the original filing of the complaint. Jackson argues that it does not. He citesTolbert v. City of Birmingham, 262 Ala. 674, 81 So.2d 336
(1955) (hereinafter Tolbert), in support of his argument. That case noted the following principle:
 We have held that, as against a party added by amendment, the statute of limitations continues to run until the amendment is filed making him a party to the suit. Ruffin v. Crowell, 253 Ala. 653, 658, 46 So.2d 218; Birmingham Gas Co. v. Sanford, 226 Ala. 129, 133, 145 So. 485; Sibley v. Bowen, 222 Ala. 13, 14, 130 So. 547; Roth v. Scruggs, 214 Ala. 32, 34, 106 So. 182, 185.
Tolbert, 262 Ala. at 677, 81 So.2d at 339.
The above-quoted principle was the result of this court's interpretation of Code 1940, Tit. 7, § 239, which dealt with amendments to complaints. That section has since been superseded by Rule 15, A.R.C.P. Nevertheless, the principle stated in Tolbert is still viable. Rule 15 (c), A.R.C.P., addresses the situation of adding[2] a party to one's complaint, and the relation back of such an amendment:
 (c) Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading except as may be otherwise provided in Rule 13 (c). An amendment changing the *Page 779 
party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. An amendment pursuant to Rule 9 (h), Fictitious Parties, is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.
Plaintiffs' attempt to amend their complaint to include Jackson cannot relate back to the original filing of their action. There is no basis upon which we can conclude that Jackson "has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and . . . knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Rule 15 (c), A.R.C.P. Nor is this a case under Rule 15 (c), involving a fictitious party. Plaintiffs, therefore, are unable to come within the requirements dictated by Rule 15 (c), for an amendment to relate back. Because plaintiffs' amendment cannot relate back, their cause of action against Jackson is clearly outside the one year statute of limitations prescribed by §6-2-3. The trial court properly granted Jackson's motion to dismiss. We affirm its judgment.
Case No. 80-655, AFFIRMED.
Case No. 80-747, AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
[1] A "qualifying broker" is necessary for a corporation or partnership to hold a real estate license. It is in the name of the qualifying broker that a corporation or partnership's application for a license is made. Code 1975, §§ 34-27-2 (a)(4) and 34-27-32 (e).
[2] Although Rule 15 (c) refers to an amendment "changing" a party, the similar federal rule has been construed to encompass amendments seeking to add a party. 3 J. Moore's FederalPractice, ¶ 15.15 at 15-224 (2d Ed. 1980) (hereinafter Moore'sFederal Practice).